IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,878





CHRISTOPHER C. WILKINS, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL FROM CAUSE NO. 1002038D


IN THE 297TH JUDICIAL DISTRICT COURT


TARRANT COUNTY





 Per Curiam.


O R D E R



 The above-styled and numbered cause is pending before this Court as a result of
appellant's capital murder conviction and resulting sentence of death in the 297th Judicial
District Court of Tarrant County, Cause No. 1002038D, styled The State of Texas v.
Christopher C. Wilkins. After pronouncing sentence, the trial judge advised appellant that
his case would be automatically appealed to the Court of Criminal Appeals. The judge found
that appellant was still indigent and was entitled to appointed counsel to represent him on
appeal. At that time, appellant requested on the record that trial counsel Wes Ball be allowed
to continue representing him, and Ball joined in that request. The judge found good cause
to retain Wes Ball as appellate counsel in the case due to his experience and familiarity with
the case. See Tex. Code Crim. Proc. art. 26.052(k). Appellant's direct appeal brief is
currently due to be filed in this Court on or before March 23, 2009. 

 However, on January 16, 2009, this Court received from appellant a "Motion to Fire
Direct Appeal Attorney" due to a conflict of interest. Specifically, appellant asserts that his
counsel has a conflict of interest because he personally wanted to see appellant convicted and
sentenced to death. Further, appellant asserts that counsel represented, and built a personal
relationship with, one of the defendants involved in one of the extraneous offenses the State
used at the punishment phase of appellant's trial. Appellant asserts that, because of this
relationship and his desire to see appellant convicted, counsel was blatantly ineffective in his
representation of appellant at trial, and will continue to be ineffective on appeal. 

 Under these circumstances, we will abate the appeal and remand the case to the trial
court to investigate and develop a record on appellant's allegations. If the trial court
determines that no conflict of interest exists, then current counsel will continue his
representation, and appellant's brief will be due in this Court within thirty (30) days from the
date the case is returned to this Court. If the trial court determines that a conflict or some
other reason exists to remove counsel from the case, then the trial court will release Ball from
his duties and appoint new counsel to represent appellant on direct appeal. If the trial court
appoints new counsel, appellant's direct appeal brief will be due in this Court within sixty
(60) days from the date the case is returned to this Court.

 The trial court shall send to this Court, within thirty (30) days of the date of this order,
the record of the proceedings and any findings or conclusions made with regard to this
matter. No motions for extensions shall be entertained.

 IT IS SO ORDERED THIS THE 11TH DAY OF FEBRUARY, 2009.

Do not publish